FILED
2020 Mar-03  AM 09:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| NANCY K. WOODWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| vs. | ) | |
| | ) | |
| EYE CARE ASSOCIATES, INC., | ) | |
| | | |
| Defendant. | | |

## **COMPLAINT**

## I. **JURISDICTION**

1.   This is a suit for discriminatory termination instituted pursuant to the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621 *et seq.* ("ADEA"). The jurisdiction of this Court is based on 28 U.S.C. §§1331 and 1343(4).

2.  Plaintiff Nancy K. Woodward ("Plaintiff") timely filed her charge of discrimination against defendant Eye Care Associates, Inc. ("Defendant") with the Equal Employment Opportunity Commission ("EEOC") within 180 days after the last act of discriminatory treatment.  Plaintiff has further filed this suit within 90 days after receipt of her right-to-sue letter.

## II. PARTIES

3.   Plaintiff is a citizen of the United States over the age of nineteen and a resident of Madison County, Alabama.

4.   Defendant is a corporation headquartered in Montgomery County, Alabama and an employer as that term is contemplated under the ADEA.

## III. FACTS

5.   Plaintiff was born in 1952.

6.   Plaintiff became employed by the company in about 2006 in Huntsville, Alabama after having worked for the company's predecessor since 1993.

7.   Plaintiff worked in the company's Huntsville West store working at the front desk and doing billing and other work in optical.

8.   In October of 2018, Dr. Sam Bridges, a Vice-President of the company, came to the store and made a false accusation against Plaintiff and told her that he was going to get her terminated.

9.   Dr. Bridges was so angry and hostile when he did it that it sent Plaintiff's blood pressure so high she had to take off work for two days.

10.   Plaintiff called corporate Human Resources in Saint Louis and talked to Katie Berger there.

11.   Plaintiff complained about what Dr. Bridges had done.

12.   Plaintiff also told Berger that co-workers had been making comments about her age, asking her when she was going to retire, and constantly nitpicking with her.

13.   Plaintiff told Berger that she thought it was harassment, age discrimination, and that the co-workers were trying to get her to quit because of her age.

14.   On or about November 5, 2018, Plaintiff received an unfounded disciplinary action from Jennifer Chaplin, the office manager at Huntsville West, and Michelle McDonald, from Defendant's corporate office.

15.   It was the first disciplinary action Plaintiff had received in 25 years' of employment.

16.   On or about January 8, 2019, Plaintiff was given a second unfounded disciplinary action, again from Chaplin and McDonald.

17.   On both occasions, Plaintiff told them it was age discrimination.

18.   On or about January 14, 2019, Plaintiff was terminated by Chaplin and Berger.

19.   The reason given was poor work performance that had not improved.

20.   This was false and pretextual.

21.   Plaintiff was replaced with someone in her twenties.

3

## IV. <u>CAUSES OF ACTION</u>

### COUNT I- ADEA

22.   Paragraphs 1-21 above are incorporated by reference.

23.   Defendant violated Plaintiff's rights under the ADEA by terminating her employment because of her age and/or her opposition to age discrimination in the workplace.

24.   Defendant knew, or showed reckless disregard for whether, its actions violated the FMLA.

25.   As a result of the above described discriminatory act, Plaintiff has been made to suffer lost wages and other benefits.

**WHEREFORE, these premises considered,** Plaintiff respectfully requests the following:

(i)  That the Court issue an Order declaring that Defendant's employment acts as described herein violated the ADEA;

(ii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from further violation of Plaintiff's rights under the ADEA;

(iii) That the Court enter an Order requiring Defendant to make Plaintiff whole by reinstating her and placing her in the position she would have occupied in the

absence of discrimination (or, alternatively, providing front-pay), providing back-pay with interest and restoration of lost benefits and perquisites of employment, ordering Defendant to pay liquidated damages, and awarding Plaintiff an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor; and

(iv)  That the Court award such other available legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees and expenses.

Respectfully submitted,

s/ Adam M. Porter
Adam M. Porter
Attorney for Plaintiff
2301 Morris Avenue, Suite 102
Birmingham, Alabama 35203
Phone: (205) 322-8999
Facsimile: (205) 402-4619
Email: adam@adamporterlaw.com

Plaintiff requests trial by struck jury.

s/  Adam M. Porter
Attorney for Plaintiff

Defendant's Address:
Eye Care Associates, Inc.
c/o C T Corporation System, Registered Agent
2 North Jackson St., Suite 605
Montgomery, AL 36104